USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 10/26/2026

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ALISON SANITA,

Plaintiff,

-against-

THEODORE MARAKAS; ROSENDA MARAKAS,

Defendants.

25-CV-10345 (AT)

ORDER OF SERVICE

ANALISA TORRES, United States District Judge:

Plaintiff, who is appearing *pro se*, filed this complaint alleging that Defendants unlawfully took money from her trust fund. Although Plaintiff invokes the court's federal question jurisdiction, the Court construes the complaint as asserting state-law claims under the court's diversity of citizenship jurisdiction. By order dated September 18, 2026, the Honorable Laura Taylor Swain granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees.

Plaintiff has been granted permission to proceed IFP and therefore may rely on the assistance of the court and the U.S. Marshals Service to effect service.[1] *Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP).

[1] Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that summonses be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have served summonses and the complaint until the Court reviewed the complaint and ordered that summons be issued. The Court therefore extends the time to serve until 90 days after the date each summons in this action is issued.

To allow Plaintiff to effect service on Defendants Theodore Marakas and Rosenda Marakas through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for Defendants. The Clerk of Court is further instructed to issue a summons for each Defendant and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service upon Defendants.

If the complaint is not served within 90 days after the date each summons is issued, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service).

Plaintiff also must notify the Court in writing if Plaintiff's address changes, and the Court may dismiss the action if Plaintiff fails to do so.

## CONCLUSION

The Clerk of Court is instructed to issue a summons for Defendants Theodore Marakas and Rosenda Marakas, complete the USM-285 form with the address for each Defendant, and deliver all documents necessary to effect service to the U.S. Marshals Service.

The Clerk of Court is directed to mail an information package to Plaintiff.

Plaintiff may receive court documents by email by completing a Consent to Electronic Service form.[2]

SO ORDERED.

Dated: October 26, 2026
New York, New York

ANALISA TORRES
United States District Judge

[2] If Plaintiff consents to receive documents by email, Plaintiff will no longer receive court documents by regular mail.

**SERVICE ADDRESS FOR EACH DEFENDANT**

1. Theodore Marakas
   161 Beach 112 Street
   Far Rockaway, New York 11694

2. Rosenda Marakas
   161 Beach 112 Street
   Far Rockaway, New York 11694